UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GOLDEN TRADE, S.R.L.,            )
                                )
        Plaintiff,              )
                                )
    vs.                         )       Case No.   4:06CV1033 HEA
                                )
EV. R, INC., et al.,            )
                                )
        Defendants.            )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant EV. R. Inc.'s Motion to Dismiss

First Amended Complaint of Plaintiff Golden Trade; Alternative Motions  for More

Definite Statement and to Transfer, [Doc. No. 99].  Plaintiff opposes the motion and

the matter is fully briefed.  For the reasons set forth below, the Motion is denied.

## Introduction

Defendant EV. R. moves to dismiss for improper venue under Rule 12(b)(3)

of the Federal Rules of Civil Procedure.  In the alternative, Defendant moves for a

more definite statement under Rule 12(e) or transfer of this action to the United

States District Court for the Central District of California under the provisions of 28

U.S.C. § 1404(a).  Plaintiff opposes all aspects of the Motion.

## Facts and Background

The following facts are stated in Plaintiff's Amended Complaint:  Plaintiff

filed this action regarding the alleged infringement of U.S. Patent No. 4,740,213 (the "'213 Patent") on July 7, 2006. Defendant EV. R. was added as a defendant on November 28, 2006. Plaintiff is the owner of the '213 Patent covering a process for fading garments. Plaintiff alleges that Defendant EV. R., among other defendants, is infringing its patent and seeks injunctive relief and monetary damages for the alleged infringement.

Defendant moves to dismiss for improper venue arguing that it neither has a regular and established place of business in this district, nor does it "reside" within the district for venue purposes. Alternatively, Defendant seeks a more definite statement from Plaintiff requiring it to specifically set out which of its garments allegedly infringe the '213 Patent .

## Discussion

## Venue

Venue in an action for patent infringement is governed by 28 U.S.C. § 1400(b), which provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

There appears to be no dispute that Defendant does not have a regular and

established place of business in this district. Thus, the salient inquiry is whether Defendant "resides" within this district. Pursuant to 28 U.S.C. § 1391(c), a defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Furthermore, Section 1391(c) provides that

> [i]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. . .

Thus, the Court must ascertain whether Defendant is subject to personal jurisdiction within this district.

As previously noted, in patent cases, the law of the Federal Circuit Court of Appeals is applied to jurisdictional questions rather than the law of the regional circuit in which the case arises when the issue is "intimately involved with the substance of the patent laws." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed.Cir. 2001). See also, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc*., 444 F.3d 1356, 1361 (Fed.Cir. 2006). Plaintiff need only make a *prima facie* showing of personal jurisdiction over the defendant. *Silent Drive, Inc. v. Strong Indus., Inc*.,

326 F.3d 1194, 1201 (Fed. Cir. 2003).[1] To evaluate whether the plaintiff has made such a showing, the court must view the evidence in the light most favorable to the plaintiff. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc*. 395 F.3d 1275, 1282-83 (Fed.Cir. 2005).

The determination whether a district court has personal jurisdiction over the defendants in a patent infringement case generally involves two inquiries. First, whether jurisdiction exists under the state long-arm statute. *See, e.g., Silent Drive, Inc.,* 326 F.3d at 1200; *Deprenyl Animal Health, Inc. v. U. of Toronto Innovations,* 297 F.3d 1343, 1349-50 (Fed.Cir. 2002); *Hildebrand v. Steck Mfg. Co.,* 279 F.3d 1351, 1354 (Fed.Cir. 2002); *Inamed,* 249 F.3d at 1359 (Fed.Cir. 2001). Second, if such jurisdiction exists, the exercise of jurisdiction must be consistent with the limitations of the due process clause. *See, e.g., Silent Drive,* 326 F.3d at 1201; *Inamed,* 249 F.3d at 1359-60.

"Sometimes these two inquiries coalesce into one because the reach of the state long-arm statute is the same as the limits of the due process clause, so that the state limitation "collapses into" the due process requirement. *Inamed,* 249 F.3d at 1360." *Trintec Industries, Inc.,* 395 F.3d at 1279.

---

[1] This standard is that which is utilized in this Circuit as well. See, *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).

Missouri courts have construed the state's long-arm statute "to extend the jurisdiction of the courts of [Missouri] over nonresident defendants to the extent permissible under the Due Process Clause of the Fourteenth Amendment." *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000) (quoting *State v. Pinell*, 454 S.W.2d 889, 892 (Mo. 1970) (en banc)). "Accordingly, Missouri courts have interpreted the statute broadly to cover those cases where the Due Process Clause permits the assertion of personal jurisdiction." *Id.* Because Missouri's long-arm statute permits the assertion of jurisdiction over an out-of-state defendant to the extent permitted by the Due Process Clause, *Enterprise Rent-a-Car Co. v. Stowell*, 137 F.Supp. 2d 1151, 1155 (E.D. Mo. 2001), see also *Clune*, 233 F.3d at 541; *Wessels, Arnold & Henderson v. National Medical Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995), the sole inquiry is whether exercising personal jurisdiction over defendant is within the embrace of federal due process standards. See *3D Systems*, 160 F.3d at 1377.

To satisfy the due process requirement, the plaintiff must demonstrate sufficient "minimum contacts" between the defendant and the forum state so "that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To maintain personal jurisdiction, a defendant's contacts with the forum must be more than "random," fortuitous," or "attenuated." *Burger King v.*

*Rudzewicz*, 471 U.S. 462, 475 (1985).

Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In assessing the defendant's reasonable anticipation, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus involving the benefits and protections of its laws." *Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Jurisdiction is proper where the contacts proximately result from actions by the defendant that create a "substantial connection" with the state. *Id.*

There are two categories of minimum contacts with a state that may subject a defendant to jurisdiction in that forum, *i.e.*, general and specific. General jurisdiction arises where a defendant "purposefully direct[s]" his activities at residents of the forum. A court may therefore exercise jurisdiction over a defendant, who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. *Inamed Corp.*, 249 F.3d at 1360. Specific jurisdiction arises when the cause of action "'arises out of or relates to' the defendant's activities with the forum state." *Id.* The use of the disjunctive "or" is significant. *Id.* at 1362.

Both categories of minimum contacts require some act by which the defendant purposely avails himself or herself of the privilege of conducting activities within the forum state, and thus invokes the benefits and protections of its laws. If a court determines that a defendant has minimum contacts with the forum state, the court must then consider whether the assertion of personal jurisdiction would comport with fair play and substantial justice. *Burger King Corp.*, 471 U.S. at 476; *International Shoe,* 326 U.S. at 320.

Plaintiff relies on Defendant's contacts with the entire State of Missouri in arguing that it has sufficient contacts to subject defendant to this Court's jurisdiction, and thus establishing venue in this district.[2] As Section 1391(c) makes clear, however, the significant inquiry is whether there exist sufficient contacts with this district *as if it were a separate state*. Thus, for venue purposes, the Court examines Defendant's contacts with the district, not the entire state.

Defendant argues that it does not maintain an office in Missouri and does not employ any officers, directors or even employees in Missouri. It has never registered for incorporation in Missouri, has no real property interest in Missouri

---

[2] Defendant does not contest the Court's personal jurisdiction generally under Rule 12(2), presumably because Defendant has indeed shipped over 20,563 garments to numerous Missouri retailers for which it received payments totally $363,012.05. Such continuous and systematic contacts would clearly subject Defendant to the general jurisdiction of the State of Missouri.

and maintains no assets in Missouri.  It states that the only contacts it has had with this district from 2002 to 2006 is to ship a total of just $136,311.50 worth of goods to a total of just 11 stores in this district since 2002, claiming that this is not enough to constitute continuous and systematic  activity within the district.  The Court agrees that Defendant's contacts are probably insufficiently continuous and systematic within the district for venue purposes under a general jurisdiction analysis.

Specific jurisdiction, however, has been established.  The minimum contacts inquiry for specific jurisdiction focuses on the "relationship among the defendant, the forum and the litigation," *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 775 (1984)(citation omitted), and requires "a substantial connection" that "come[s] about by an action of the defendant purposefully directed toward the forum state." *Asahi Metal Ind. Co. v. Super, Ct. of Cal.*, 480 U.S. 102, 112 (1987).

Specific jurisdiction can arise from even a single contact with the forum. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957).  The quantity of contacts is not determinative where specific jurisdiction has been alleged.

The fundamental basis for minimum contacts is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Burger*

*King*, 471 U.S. at 475. Plaintiff has presented evidence that Defendant has directly shipped "mineral wash" garments into this district. While Defendant argues that these garments are not encompassed within the listed garments that allegedly infringed the '213 patent, the characterization of these garments as "mineral wash" does not eliminate Plaintiff's claim of infringement. Plaintiff claims that Defendant's garments infringe its patent. Because these garments were indeed directly shipped into this district, Defendant has purposefully availed itself of the privilege of shipping its garments into this district for sale at a retail store. Such act falls within the Court's specific jurisdiction; Defendant has purposely availed itself of the privilege of conducting business within the district and is therefore subject to personal jurisdiction.

Furthermore, Defendant has placed its products in the stream of commerce by shipping its garments to Nordstrom's distribution center, which in turn, ships the garments to this district for sale in its local store. The Supreme Court has stated that personal jurisdiction may be exercised consonant with due process "over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen*, 444 U.S. at 298. In the Supreme Court's most recent discussion of the stream of commerce theory, Justice O'Connor opined that "[t]he

placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi*, 480 U.S. 102, 113 (1987). Five justices refused to adopt Justice O'Connor's articulation of a stream of commerce "plus" theory, and Justice Brennan's position, adopted by three others, was that such "additional conduct" is not needed when the defendant places goods in a stream of commerce defined as "the regular and anticipated flow of products from manufacture to distribution to retail sale." *Id.* at 117.

The Federal Circuit has not resolved whether to follow Justice O'Connor's interpretation of the stream of commerce standard or Justice Brennan's. See *Commissariat A L'Energie Atomique v. Chi Met Optoelectronics Corp.*, 395 F.3d 1315, 1322 (Fed.Cir.2005). For purposes of this case, the result is the same under either standard. When the evidence is viewed in the light most favorable to Plaintiff, it is clear that Defendant does more than merely place its products in the stream of commerce to distribution centers. Defendant cannot rebut that Nordstrom operates within the Eastern District of Missouri. That Defendant does not itself distribute certain products directly into the district is of no consequence, as knowledge of the distribution system is sufficient. Although Defendant claims that it's employees are unaware which store number belongs to which Nordstrom location, through its relationship with Nordstrom, Defendant makes an effort to sell

its products in numerous states, including Missouri. Defendant cannot in good faith claim that it was not aware that its products would find their way into this district. Although Defendant delivers to distribution centers outside of the district, it is clear that the stream of commerce will carry the products into numerous states including Missouri and particularly this district. Based on the facts set forth above and relevant precedent, the Court concludes that Plaintiff has met its burden to establish a *prima facie* showing that Defendant has sufficient minimum contacts with the Eastern District of Missouri to permit the exercise of personal jurisdiction over it consistent with due process principles such that it could reasonably anticipate being haled into this Court. *Rudzewicz*, 471 U.S. at 475; *World-Wide Volkswagen*, 444 U.S. 297.

## More Definite Statement

The Federal Rules of Civil Procedure provide that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Tinder v. Lewis County Nursing Home*

*Dist.,* 207 F.Supp.2d 951, 959 (E.D.Mo.2001) (internal citations omitted). This is a stringent standard, which, in light of the liberal notice pleading standards of the federal rules, is rarely met. *Meridian Enterprises Corp. v. Bank of America Corp.,* 2006 WL 3210497, at *1 (E.D.Mo., Nov. 3, 2006) ("motions for a more definite statements are rarely granted"). These pleading rules require only "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Rule 12(e) further requires that the party seeking a more definite statement "point out the defects complained of and the details desired." Fed.R.Civ.P. 12(e). As one court interpreted this rule, "Rule 12(e) is a remedy for unintelligible pleadings; not a tool to correct a claimed lack of detail." *Kia Motors America Inc. v. Autoworks Distributing,* 2006 WL 2943306, at *3 (D.Minn., Sept. 28, 2006). In addressing Defendant's 12(e) Motion for More Definite Statement, this Court will apply this strict standard, granting the motion only if the pleadings are unintelligible.

Plaintiff's Amended Complaint alleges that it is the owner of the '213 patent. It further alleges that Defendant distributes products which infringe the '213 patent. The Amended Complaint specifically sets forth particular brands of garments distributed by Defendant which Plaintiff contends infringe its patent. The Amended Complaint is limited by brands so that Defendant can ascertain which brands of

product Plaintiff challenges.  Furthermore, the Amended Complaint also limits its claims to those garments which utilize the "random faded effect."  Thus, not only are the claims limited to brands, the claims are likewise limited to only a particular type of garment.  Under the federal notice pleading standard, the Amended Complaint sets forth sufficient claims such that Defendant can formulate its defense.

## Transfer

Finally, Defendant seeks to transfer the action against it to the Central District of California pursuant to 28 U.S.C. § 1404.   As a procedural matter, the motion to transfer venue is governed by the law of the Eighth Circuit. See *Storage Technology Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed.Cir. 2003).  The Eighth Circuit has stated that federal courts generally give "considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir.), cert. denied, 522 U.S. 1029 (1997). The Court may not disturb a plaintiff's choice of forum unless a balance of relative considerations tips strongly toward the defendant. *Anheuser-Busch, Inc. v. City Merchandise*, 176 F.Supp.2d 951, 959 (E.D.Mo. 2001) (citations omitted).

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

The initial inquiry in ruling on a motion under § 1404(a) is whether this case "might have been brought" in the Central District of California. As discussed above, venue in a patent case is proper in any district where the defendant resides. See *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578, 1584 (Fed.Cir.1990), cert. denied, 499 U.S. 922 (1991). The record establishes, and neither party disputes, Defendant "resides" within the Central District of California. This action could have therefore been brought initially in the Central District of California.

In determining whether or not to transfer venue, the Court must consider the three general categories of factors stated in § 1404(a): (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) whether the transfer would be in the interest of justice. *Terra Int'l*, 119 F.3d at 691. "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant

factors."[3] *Id.*

In this case, the convenience of the parties is in balance. It is more convenient for Plaintiff to litigation this action here, and it is more convenient for Defendant to litigate in the Central District of California. This factor therefore does not weigh in favor of transfer, as transfer would merely shift the inconvenience from Defendant to Plaintiff. "Merely shifting the inconvenience from one side to the other ... obviously is not a permissible justification for a change of venue." *Terra Int'l*, 119 F.3d at 697 (internal quotation omitted).

Defendant summarily asserts that the convenience of the witness is best served by transfer, but it does not identify its own witnesses or those of the Plaintiff. Defendant vaguely references "vendors" who manufacture the garments with no

---

[3] Factors which courts have considered in deciding a motion to transfer under § 1404(a) include, under the "convenience" prongs, (1) the convenience of the parties, (2) the convenience of the witnesses-- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each state's forum law. Factors considered under the "interest of justice" prong include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. See *Terra Int'l*, 119 F.3d at 696.

identification of these vendors. In order to overcome Plaintiff's choice of venue, a defendant must show "(a) ... who the witnesses are and where they reside, and (b) in a general way stat[e] what defendant proposes to prove by said witnesses. This emphasizes the probative value of the expected testimony, rather than the number of witnesses defendant plans to call." *Savage v. Kaiser Motors Corp.*, 116 F.Supp. 433, 434 (D.Minn.1953). The Court does not have facts before it from which it can balance the convenience of the witnesses because it does not know who the witnesses are, where they reside, what their expected testimony is as it relates to Plaintiff's claim that Defendant is infringing its patent, or how many witnesses there are. As a result, the Court finds that Defendant has failed to show that the convenience of the witnesses factor favors transfer of the case.

Finally, the interests of justice and the conservation of judicial resources weigh against transfer. Defendant is one of several defendants remaining in this action. Transfer of Plaintiff's infringement case against Defendant would result in an inefficient and unnecessarily duplicative expenditure of judicial resources, and would significantly increase the costs of litigation for Plaintiff. For these reasons, Defendant has failed to establish that Plaintiff's choice of the forum should be set aside.

### Conclusion

Based upon the foregoing analysis, the Court concludes that venue is proper in this district; that the Amended Complaint sets forth sufficient information such that Defendant can formulate a defense; and that Defendant has not established that transfer of this action is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, [Doc. No. 99], is **DENIED**.

Dated this 22nd day of October, 2007.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE