UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Golden Trade, S.r.l., | ) |
|          Plaintiff(s), | ) |
| v. | ) Case No.: 4:06-cv-01033 HEA |
| Ev. R., Inc., Project E, Inc., French Connection Group, Inc., Exacta Sweaters, Inc., and Surf Cowboy, Inc., | ) |
|          Defendant(s). | ) |

## AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing competitive, proprietary, and/or trade secret information, and/or other information which the party receiving the information is under a duty to maintain in confidence, hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into this Amended Confidentiality Stipulation and Protective Order ("the Order"), to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

### Designation of Confidential Information

1. *Designation of Material.* Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall



designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

Documents which are deemed by a producing party or entity to be trade secrets or confidential and proprietary business information of a competitor of the party or entity seeking disclosure may designate such information as "Trade Secrets", and shall, in addition to the marking of such documents as "Confidential", indicate such additional designation by the attachment of a cover sheet, which shall identify the documents so designated in such a way as to inform the Court and any interested person or party what is included in the designation, including the number of pages subject to the additional designation, or, alternatively, by enclosing the documents in a separate envelope with the designation and identification plainly visible on the exterior of the envelope. For purposes of this agreement and order, the term "Trade Secret" as a designation shall not be deemed to categorize the information so designated as a trade secret as defined by federal or state law, though such documents may be included in the designation.

2.   *Subsequent Designation.*   Documents and/or materials produced in the litigation that are not identified, through inadvertence or mistake, as Confidential Information when they were initially produced may thereafter be designated as Confidential by the producing party, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall make reasonable efforts to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3.  *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential. If a party inadvertently or mistakenly fails to designate deposition testimony within the twenty-eight (28) day period stated above, then that party may thereafter designate such material "Confidential" and the provisions of paragraph 2, above, shall apply.

4.  *Modification of Designation.* The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below:

    (a) The producing party may agree in writing to downgrade or eliminate the Confidential designation convening any material it produced.

    (b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

### Access to Confidential Information

5.  *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

3

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

(b) To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed an agreement in the form of Exhibit A, which shall be kept by outside counsel for the parties or the producing party, or by the producing party if unrepresented by outside counsel. However, parties shall not be given access to Confidential material that is additionally designated as a Trade Secret, and such Trade Secret designated material shall only be disclosed to their outside counsel as set forth in Section 5(a) hereof.

(c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters). The Exhibit A signed by such court reporters shall be kept by outside counsel for the parties or the producing party, or by the producing party if unrepresented by outside counsel.

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto. The Exhibit A signed by such experts or consultants shall

be maintained by the party or party's outside counsel who retained such expert or consultant and delivered to counsel for the producing party if and when that expert's or consultant's identity is disclosed in connection with a party's expert disclosures.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6.  *No Copies/Notes.*  Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7.  *Disputes Over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential Information

8.  *Use in this Litigation Only.*  Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9.  *Use at Depositions.*  If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

10. *Use at Court Hearings and Trial.* Subject to the applicable Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

11. *Filing Under Seal.* Each document filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential. On January 11, 2010, the Court shall return all documents filed under seal to the parties.

12. *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13. *Return After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, upon request from the producing party, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential formation, including all copies of same, to the extent such information is reasonably separable from a party's attorney's work product. Counsel for each party may maintain one complete set of documents produced bearing the "Confidential" designation.

## Other Provisions

14.  *Not an Admission.* Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15.  *Miscellaneous.* This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addressee and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

The parties having stipulated and agreed hereto, it is SO ORDERED, this 9th day of June, 2008.

_____
Hon. Henry E. Autrey